UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | NO. 1:20-CR-00244 |
| | : | |
| v. | : | (C.J. JONES) |
| | : | |
| JONATHAN CLARK BAIRD, | : | (electronically filed) |
| Defendant. | : | |

## PLEA AGREEMENT

The following Plea Agreement is entered by the United States
Attorney for the Middle District of Pennsylvania and the above-
captioned defendant. Any reference to the United States or to the
Government in this Agreement shall mean the Office of the United
States Attorney for the Middle District of Pennsylvania.

## A.   Violation(s), Penalties, and Dismissal of Other Counts

1.   Guilty plea. The defendant agrees to plead guilty to Count 1
of the Indictment, which charges the defendant with a
violation of Title 18, United States Code, § 371, conspiracy to
defraud the Food and Drug Administration, an agency of the
United States of America of its governmental functions and
rights. The maximum penalty for that offense is
imprisonment for a period of 5 years, a fine of $250,000, a

maximum term of supervised release of 3 years, which shall be served at the conclusion of, and in addition to, any term of imprisonment, as well as the costs of prosecution, imprisonment, probation, or supervised release ordered, denial of certain federal benefits, and an assessment in the amount of $100.00. At the time the guilty plea is entered, the defendant shall admit to the court that the defendant is, in fact, guilty of the offense charged in Count 1. The defendant agrees, however, that the United States may, at its sole election, or seek additional charges, in the event that any guilty plea entered or sentence imposed pursuant to this Agreement is subsequently vacated, set aside, or invalidated by any court. The defendant further agrees to waive any defenses to the filing of additional charges, based upon laches, the assertion of speedy trial rights, any applicable statute of limitations, or any other ground. The calculation of time under the Speedy Trial Act for when trial must

2

commence is tolled as of the date of the defendant's signing of this Plea Agreement.

2.   No Further Prosecution, Except Tax Charges.  The United States Attorney's Office for the Middle District of Pennsylvania agrees that it will not bring any other criminal charges against the defendant directly arising out of the defendant's involvement in the offense described above. However, nothing in this Agreement will limit prosecution for criminal tax charges, if any, arising out of those offenses.

## B.   Fines and Assessments

3.   Fine.  The defendant understands that the court may impose a fine pursuant to the Sentencing Reform Act of 1984.  The willful failure to pay any fine imposed by the court, in full, may be considered a breach of this Plea Agreement. Further, the defendant acknowledges that willful failure to pay the fine may subject the defendant to additional criminal violations and civil penalties pursuant to Title 18, United States Code, § 3611, et seq.

3

4.   Alternative Fine.  The defendant understands that under the
     alternative fine section of Title 18, United States Code, §
     3571, the maximum fine quoted above may be increased if
     the court finds that any person derived pecuniary gain or
     suffered pecuniary loss from the offense and that the
     maximum fine to be imposed, if the court elects to proceed in
     this fashion, could be twice the amount of the gross gain or
     twice the amount of the gross loss resulting from the offense.

5.   Inmate Financial Responsibility Program.  If the court
     orders a fine or restitution as part of the defendant's
     sentence, and the sentence includes a term of imprisonment,
     the defendant agrees to voluntarily enter the United States
     Bureau of Prisons-administered program known as the
     Inmate Financial Responsibility Program, through which the
     Bureau of Prisons will collect up to 50% of the defendant's
     prison salary, and up to 50% of the balance of the
     defendant's inmate account, and apply that amount on the

4

defendant's behalf to the payment of the outstanding fine
and restitution orders.

6.   Special Assessment.  The defendant understands that the

court will impose a special assessment of $100.00 pursuant

to the provisions of Title 18, United States Code, § 3013.  No

later than the date of sentencing, the defendant or

defendant's counsel shall mail a check in payment of the

special assessment directly to the Clerk, United States

District Court, Middle District of Pennsylvania.  If the

defendant intentionally fails to make this payment, that

failure may be treated as a breach of this Plea Agreement

and may result in further prosecution, the filing of

additional criminal charges, or a contempt citation.

## C.  **Sentencing Guidelines Calculation**

7.   Determination of Sentencing Guidelines.     The defendant

and counsel for both parties agree that the United States

Sentencing Commission Guidelines, which took effect on

November 1, 1987, and its amendments, as interpreted by

5

*United States v. Booker*, 543 U.S. 220 (2005), will apply to the offense or offenses to which the defendant is pleading guilty. The defendant further agrees that any legal and factual issues relating to the application of the Federal Sentencing Guidelines to the defendant's conduct, including facts to support any specific offense characteristic or other enhancement or adjustment and the appropriate sentence within the statutory maximums provided for by law, will be determined by the court after briefing, a pre-sentence hearing, and/or a sentencing hearing.

8.   Acceptance of Responsibility– Two Levels. If the defendant can adequately demonstrate recognition and affirmative acceptance of responsibility to the Government as required by the Sentencing Guidelines, the Government will recommend that the defendant receive a two level reduction in the defendant's offense level for acceptance of responsibility. A third level, if applicable, shall be within the discretion of the Government under U.S.S.G. § 3E1.1. The

6

failure of the court to find that the defendant is entitled to a two or three level reduction shall not be a basis to void this Plea Agreement.

## D.   **Sentencing Recommendation**

9.   <u>Appropriate Sentence Recommendation</u>.  At the time of sentencing, the United States may make a recommendation that it considers appropriate based upon the nature and circumstances of the case and the defendant's participation in the offense, and specifically reserves the right to recommend a sentence up to and including the maximum sentence of imprisonment and fine allowable, together with the cost of prosecution.

10.   <u>Special Conditions of Probation/Supervised Release</u>.  If probation or a term of supervised release is ordered, the United States may recommend that the court impose one or more special conditions, including but not limited to the following:

7

a. The defendant be prohibited from possessing a firearm or other dangerous weapon.

b. The defendant make restitution, if applicable, the payment of which shall be in accordance with a schedule to be determined by the court.

c. The defendant pay any fine imposed in accordance with a schedule to be determined by the court.

d. The defendant be prohibited from incurring new credit charges or opening additional lines of credit without approval of the Probation Office unless the defendant is in compliance with the payment schedule.

e. The defendant be directed to provide the Probation Office and the United States Attorney access to any requested financial information.

f. The defendant be confined in a community treatment center, halfway house, or similar facility.

g. The defendant be placed under home confinement.

h. The defendant be ordered to perform community service.

8

i.   The defendant be restricted from working in certain types of
     occupations or with certain individuals, if the Government
     deems such restrictions to be appropriate.

j.   The defendant be directed to attend substance abuse
     counseling, which may include testing to determine whether
     the defendant is using drugs or alcohol.

k.   The defendant be directed to attend psychiatric or
     psychological counseling and treatment in a program
     approved by the Probation Officer.

l.   The defendant be denied certain federal benefits including
     contracts, grants, loans, fellowships and licenses.

m.   The defendant be directed to pay any state or federal taxes
     and file any and all state and federal tax returns as
     required by law.

E.   **Victims' Rights and Restitution**

11.  <u>Victims' Rights</u>.  The defendant understands that pursuant
     to the Victim and Witness Protection Act, the Crime Victims'
     Rights Act, the Justice for All Act, and the regulations

9

promulgated under those Acts by the Attorney General of
the United States, crime victims have the following rights:

a.  The right to be reasonably protected from the accused;

b.  The right to reasonable, accurate, and timely notice of any
    public court proceeding or any parole proceeding involving
    the crime, or of any release or escape of the accused;

c.  The right not to be excluded from any such public court
    proceeding, unless the court, after receiving clear and
    convincing evidence, determines that testimony by the
    victim would be altered materially if the victim heard other
    testimony at that proceeding;

d.  The right to be reasonably heard at any public hearing in
    the district court involving release, plea, sentencing, or any
    parole proceeding.  The defendant understands that the
    victim's comments and recommendations at any of these
    proceedings may be different than those of the parties to
    this Agreement;

10

e.   The reasonable right to confer with the attorney for the Government in the case.  The defendant understands that the victim's opinions and recommendations given to the attorney for the Government may be different than those presented by the United States as a consequence of this Agreement;

f.   The right to full and timely restitution as provided for by law.  The attorney for the Government is required to "fully advocate the rights of victims on the issue of restitution unless such advocacy would unduly prolong or complicate the sentencing proceeding," and the court is authorized to order restitution by the defendant including, but not limited to, restitution for property loss, economic loss, personal injury, or death;

g.   The right to proceedings free from unreasonable delay; and

h.   The right to be treated with fairness and with respect for the victim's dignity and privacy.

11

F.   **Information Provided to Court and Probation Office**

12.   <u>Background Information for Probation Office</u>.  The

defendant understands that the United States will provide

to the United States Probation Office all information in its

possession that the United States deems relevant regarding

the defendant's background, character, cooperation, if any,

and involvement in this or other offenses.

13.   <u>Objections to Pre-Sentence Report</u>.  The defendant

understands that pursuant to the United States District

Court for the Middle District of Pennsylvania "Policy for

Guideline Sentencing" both the United States and defendant

must communicate to the Probation Officer within 14 days

after disclosure of the pre-sentence report any objections

they may have as to material information, sentencing

classifications, sentencing guideline ranges, and policy

statements contained in or omitted from the report.  The

defendant agrees to meet with the United States at least five

days prior to sentencing in a good faith attempt to resolve

12

any substantive differences. If any issues remain unresolved, they shall be communicated to the Probation Officer for inclusion in an addendum to the pre-sentence report. The defendant agrees that unresolved substantive objections will be decided by the court after briefing, or a pre-sentence hearing, or at the sentencing hearing where the standard or proof will be a preponderance of the evidence, and the Federal Rules of Evidence, other than with respect to privileges, shall not apply under Fed. R. Evid. 1101(d)(3), and the court may consider any reliable evidence, including hearsay. Objections by the defendant to the pre-sentence report or the court's rulings, will not be grounds for withdrawal of a plea of guilty.

14. <u>Relevant Sentencing Information</u>. At the sentencing, the United States will be permitted to bring to the court's attention, and the court will be permitted to consider, all relevant information about the defendant's background, character and conduct, including the conduct that is the

13

subject of the charges that the United States has agreed to dismiss, and the nature and extent of the defendant's cooperation, if any.  The United States will be entitled to bring to the court's attention and the court will be entitled to consider any failure by the defendant to fulfill any obligation under this Agreement.

15. <u>Non-Limitation on Government's Response</u>.  Nothing in this Agreement shall restrict or limit the nature or content of the United States' motions or responses to any motions filed on behalf of the defendant.  Nor does this Agreement in any way restrict the government in responding to any request by the court for briefing, argument or presentation of evidence regarding the application of Sentencing Guidelines to the defendant's conduct, including but not limited to, requests for information concerning possible sentencing departures.

## G.   <u>Court Not Bound by Plea Agreement</u>

16. <u>Court Not Bound by Terms</u>.  The defendant understands that the court is not a party to and is not bound by this

Agreement, or any recommendations made by the parties. Thus, the court is free to impose upon the defendant any sentence up to and including the maximum sentence of imprisonment for 5 years, a fine of $250,000, a maximum term of supervised release of up to 5 years, which shall be served at the conclusion of and in addition to any term of imprisonment, the costs of prosecution, denial of certain federal benefits, and assessments totaling $100.00.

17.  <u>No Withdrawal of Plea Based on Sentence or Recommendations</u>.  If the court imposes a sentence with which the defendant is dissatisfied, the defendant will not be permitted to withdraw any guilty plea for that reason alone, nor will the defendant be permitted to withdraw any pleas should the court decline to follow any recommendations by any of the parties to this Agreement.

## H.  **Breach of Plea Agreement by Defendant**

18.  <u>Breach of Agreement</u>.  In the event the United States believes the defendant has failed to fulfill any obligations

15

under this Agreement, then the United States shall, in its discretion, have the option of petitioning the court to be relieved of its obligations.  Whether the defendant has completely fulfilled all of the obligations under this Agreement shall be determined by the court in an appropriate proceeding during which any disclosures and documents provided by the defendant shall be admissible, and during which the United States shall be required to establish any breach by a preponderance of the evidence.  In order to establish any breach by the defendant, the United States is entitled to rely on statements and evidence given by the defendant during the cooperation phase of this Agreement, if any.

19.   <u>Remedies for Breach</u>.  The defendant and the United States agree that in the event the court concludes that the defendant has breached the Agreement:

16

a.  The defendant will not be permitted to withdraw any guilty plea tendered under this Agreement and agrees not to petition for withdrawal of any guilty plea;

b.  The United States will be free to make any recommendations to the court regarding sentencing in this case;

c.  Any evidence or statements made by the defendant during the cooperation phase of this Agreement, if any, will be admissible at any trials or sentencings;

d.  The United States will be free to bring any other charges it has against the defendant, including any charges originally brought against the defendant or which may have been under investigation at the time of the plea.  The defendant waives and hereby agrees not to raise any defense to the reinstatement of these charges based upon collateral estoppel, Double Jeopardy, or other similar grounds.

20.  Violation of Law While Plea or Sentence Pending.  The defendant understands that it is a condition of this Plea

17

Agreement that the defendant refrain from any further violations of state, local, or federal law while awaiting plea and sentencing under this Agreement. The defendant acknowledges and agrees that if the government receives information that the defendant has committed new crimes while awaiting plea or sentencing in this case, the government may petition the court and, if the court finds by a preponderance of the evidence that the defendant has committed any other criminal offense while awaiting plea or sentencing, the Government shall be free at its sole election to either: (a) withdraw from this Agreement; or (b) make any sentencing recommendations to the court that it deems appropriate. The defendant further understands and agrees that, if the court finds that the defendant has committed any other offense while awaiting plea or sentencing, the defendant will not be permitted to withdraw any guilty pleas tendered pursuant to this Plea Agreement, and the

18

government will be permitted to bring any additional

charges that it may have against the defendant.

## I.   Licensing, Resignation, and Disbarment

21.   Status of Professional License.  It is further understood and

agreed that the status of any professional license held by the

defendant is not protected by this Agreement and is a matter

solely within the discretion of the appropriate licensing

authority.  The United States may in its discretion provide to

any such licensing authority any documents and information

in its possession.

## J.   Deportation

22.   Deportation/Removal from the United States.  The

defendant understands that, if defendant is not a United

States citizen, deportation/removal from the United States is

a possible consequence of this plea.  The defendant further

agrees that this matter has been discussed with counsel who

has explained the immigration consequences of this plea.

19

Defendant still desires to enter into this plea after having been so advised.

### K.   Conditional Appeal Waiver

23.   Conditional Appeal Waiver.  The defendant is aware that Title 28, United States Code, § 1291 affords a defendant the right to appeal a judgment of conviction and sentence; and that Title 18, United States Code, § 3742(a) affords a defendant the right to appeal the sentence imposed. Acknowledging all of this, the defendant knowingly waives the right to appeal the conviction and sentence, on the express condition that the Court impose a sentence within or below the applicable advisory guidelines sentencing range as that sentencing range is determined by the Court.  In the event the Court imposes a sentence greater than the applicable advisory guidelines sentencing range, the defendant retains the right to appeal the conviction and sentence.

This conditional waiver includes any and all possible
grounds for appeal, whether constitutional or non-
constitutional, including, but not limited to, the manner in
which that sentence was determined in light of *United
States v. Booker*, 543 U.S. 220 (2005). The defendant further
acknowledges that this conditional appeal waiver is binding
only upon the defendant and that the United States retains
its right to appeal in this case.

**L.** **Other Provisions**

24. <u>Agreement Not Binding on Other Agencies</u>.  Nothing in this
Agreement shall bind any other United States Attorney's
Office, state prosecutor's office, or federal, state or local law
enforcement agency.

25. <u>No Civil Claims or Suits</u>.  The defendant agrees not to
pursue or initiate any civil claims or suits against the United
States of America, its agencies or employees, whether or not
presently known to the defendant, arising out of the
investigation, prosecution or cooperation, if any, covered by

21

this Agreement, including but not limited to any claims for attorney's fees and other litigation expenses arising out of the investigation and prosecution of this matter.  By the defendant's guilty plea in this matter the defendant further acknowledges that the Government's position in this litigation was taken in good faith, had a substantial basis in law and fact and was not vexatious.

26.    Plea Agreement Serves Ends of Justice.  The United States is entering into this Plea Agreement with the defendant because this disposition of the matter fairly and adequately addresses the gravity of the series of offenses from which the charges are drawn, as well as the defendant's role in such offenses, thereby serving the ends of  justice.

27.    Merger of All Prior Negotiations.  This document states the complete and only Plea Agreement between the United States Attorney for the Middle District of Pennsylvania and the defendant in this case, and is binding only on the parties to this Agreement and supersedes all prior understandings

22

or plea offers, whether written or oral. This agreement
cannot be modified other than in writing that is signed by all
parties or on the record in court. No other promises or
inducements have been or will be made to the defendant in
connection with this case, nor have any predictions or
threats been made in connection with this plea. Pursuant to
Rule 11 of the Federal Rules of Criminal Procedure, the
defendant certifies that the defendant's plea is knowing and
voluntary, and is not the result of force or threats or
promises apart from those promises set forth in this written
Plea Agreement.

28.  <u>Defendant is Satisfied with Assistance of Counsel</u>. The
Defendant agrees that the defendant has discussed this case
and this plea agreement in detail with the defendant's
attorney who has advised the defendant of the defendant's
Constitutional and other trial and appeal rights, the nature
of the charges, the elements of the offenses the United States
would have to prove at trial, the evidence the United States

23

would present at such trial, possible defenses, the advisory
Sentencing Guidelines and other aspects of sentencing,
potential losses of civil rights and privileges, and other
potential consequences of pleading guilty in this case.  The
defendant agrees that the defendant is satisfied with the
legal services and advice provided to the defendant by the
defendant's attorney.

29.   Deadline for Acceptance of Plea Agreement.  The original of
this Agreement must be signed by the defendant and defense
counsel and received by the United States Attorney's Office
on or before 5:00 p.m., Thursday, November 5, 2020,
otherwise the offer may, in the sole discretion of the
Government, be deemed withdrawn.

30.   Required Signatures.  None of the terms of this Agreement
shall be binding on the Office of the United States Attorney
for the Middle District of Pennsylvania until signed by the
defendant and defense counsel and then signed by the
United States Attorney or his designee.

24

## **ACKNOWLEDGMENTS**

I have read this agreement and carefully reviewed every part of it with my attorney. I fully understand it and I voluntarily agree to it.

1/13/2021
Date

JONATHAN CLARK BAIRD
Defendant

I am the defendant's counsel. I have carefully reviewed every part of this agreement with the defendant. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

1/13/2021
Date

JERRY RUSSO
Counsel for Defendant

Bruce D. Brandler
Acting United States Attorney

1/21/2021
Date

By:

JOSEPH T. TERZ
Assistant United States Attorney

JJT/ale/2012R00523/October 29, 2020
VERSION DATE: November 27, 2017

25