IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | 1:20-cr-244 |
| | : | |
| v. | : | Hon. John E. Jones III |
| | : | |
| JONATHAN CLARK BAIRD, | : | |
| Defendant | : | |

# **ORDER**

**February 16, 2021**

On February 12, 2021, United States Magistrate Judge Susan E. Schwab issued a Report and Recommendation (Doc. 22) accepting Defendant Jonathan Clark Baird's plea of guilty to Count One of the Indictment in this matter. The Magistrate Judge's recommendation is **ADOPTED** and the plea of guilty is accepted.

Magistrate Judge Carlson also ordered the United States Probation Office to prepare and disclose a presentence investigation report no later than April 9, 2021. **A telephonic presentence conference in this matter shall be conducted on June 29, 2021 at 10:00 a.m. Call-in information will be circulated prior to the conference.**

The purpose of this order is to reduce the same to writing and to prescribe the practice relating to the preparation of the pre-sentence report, the resolution of

disputed facts, and the use of the report by counsel and the Court in arriving at a fair sentence.

**NOW, THEREFORE, IT IS ORDERED THAT:**

1. <u>Interview of Defendant.</u>  The Probation Officer shall notify defense counsel of the time and place where the Probation Officer proposes to interview the Defendant for purposes of preparing the pre-sentence report and defense counsel shall be entitled to be present at such interview.

    1.1 To assist in answering inquiries of the Probation Officer;

    1.2 To assist in resolving factual issues in question;

    1.3 To assist in evaluating potential disposition under specialized sentencing procedures such as the Narcotic Rehabilitation Act, 18 U.S.C. §4251, if such specialized sentencing procedures are applicable;

    1.4 To protect the Defendant against incrimination regarding other pending indictments and investigations or both; and

    1.5 to protect the Defendant's rights with respect to any appeal of the conviction.

2. <u>Defendant's Suggestions to Probation Officer.</u>  The Probation Officer shall in preparation of the pre-sentence report consider any sentence or correctional proposals which Defendant or his counsel may have suggested and also consider

any specific factual and opinion evidence relating to Defendant's physical or mental condition which Defendant or his counsel may have suggested.

  3. <u>Disclosure of Pre-sentence Report.</u>  The Probation Officer shall within forty (40) days after this order disclose the pre-sentence report to the Defendant, to counsel for the Defendant, and to counsel for the government.  The pre-sentence report shall be deemed to have been disclosed by the Probation Officer (1) when a copy of the report is physically delivered, (2) one day after the report's availability for inspection is orally communicated, or (3) three days after a copy of the report or notice of its availability is mailed.  This order does not require the disclosure of any portions of the pre-sentence report that are not disclosable under Rule 32 of the Federal Rules of Criminal Procedure because they contain diagnostic opinions which, if disclosed, might seriously disrupt a program of rehabilitation, or sources of information obtained upon a promise of confidentiality, or any other information which, if disclosed, might result in harm, physical or otherwise, to the Defendant or other persons.

 Defense counsel shall promptly familiarize himself or herself with the contents of the pre-sentence report, including the evaluative summary, and any special medical or psychiatric reports pertaining to the Defendant.  The Probation Officer shall delete from the copy of the pre-sentence report to be supplied to the

Defendant any medical or psychiatric data, knowledge of which may be detrimental to the Defendant's well-being. The Probation Officer shall notify counsel for both sides what portions, if any, of the report are being withheld from the Defendant under Rule 32 of the Federal Rules of Criminal Procedure.

Within fifteen (15) days after such disclosure of the pre-sentence report by the Probation Officer, defense counsel shall discuss the report with the Defendant, excluding from such discussion any portions not disclosable as above provided.

4. <u>Objections to Pre-sentence Report.</u> Within fifteen (15) days after such disclosure by the Probation Officer counsel shall communicate to the Probation Officer any objections which counsel may have as to any material information, sentencing classifications, sentencing guideline ranges, and policy statements contained in or omitted from the report. Such communication may be oral or written but if oral shall promptly be reduced to writing by the counsel making such oral objection and such writing shall promptly by transmitted to the Probation Officer.

5. <u>Further Investigation and Revisions to the Pre-sentence Report.</u> After receiving objections from counsel, the Probation Officer shall conduct any further investigation and make any revision to the pre-sentence report that may be

necessary. The Probation Officer may require counsel for both parties to meet with the officer to discuss unresolved factual and legal issues.

6. <u>Disclosure of Final Report.</u> The Probation Officer shall furnish to the Court, government counsel, defense counsel, and the Defendant, as far in advance of the pre-sentence conference as practicable and in any event at least ten (10) days before the date set for sentencing, excluding Saturdays, Sundays, and holidays, a copy of the final pre-sentence report, exclusive of any recommendation as to sentence. The report shall be accompanied by an addendum setting forth any objections counsel may have made that have not been resolved, together with the officer's comments thereon. The Probation Officer shall certify that the contents of the report, including any revisions thereof, have been disclosed to the Defendant, to counsel for the Defendant, and to counsel for the Government, that the content of the addendum has been so communicated, and that the addendum fairly states any remaining objections. The Probation Officer may withhold from the Defendant's copy portions not disclosable as provided above in ¶3 and shall notify counsel and the Court of such withholding. The Probation Officer shall at sentencing state what portions have not been disclosed so that the Defendant will be aware of an incomplete disclosure to him. At sentencing counsel for both

parties shall ask such questions of the Probation Officer as they deem appropriate to protect the Defendant's rights.

7. <u>Sentencing Recommendations.</u>  The prosecutor and defense counsel shall report orally to the Court at the pre-sentence conference and at sentencing recommended sentencing alternatives unless government counsel is precluded therefrom by any plea agreement.  The prosecutor shall advise the Court on the record or in writing of any cooperation rendered by the Defendant to the Government.  A copy of any written statement of the prosecutor with respect to cooperation rendered by the Defendant shall be sent or delivered to defense counsel prior to the pre-sentence conference by the prosecutor unless the prosecutor shows good cause for such non-disclosure.

8. <u>Sentencing Briefs, Sentencing Memoranda, and Motion for Departure from the Sentencing Guidelines.</u>  Following the pre-sentence conference, the Court shall enter an Order memorializing any briefing schedule for objections to the pre-sentence investigation report, motions for departures and/or sentencing memoranda.  Counsel are not required to brief objections to the pre-sentence investigation report prior to the pre-sentence conference.

9. <u>Pre-sentence Conference.</u>  At the pre-sentence conference counsel for both sides shall be prepared to discuss whether there are any disputed facts or

conclusions of law which may form any part of the basis for the sentence and which will require or render advisable a hearing and findings of fact by the Court thereon.  The Defendant shall not attend the pre-sentence conference or be in attendance in the courthouse at the time of the conference.

At the pre-sentence conference counsel for the Defendant shall move for an order of Court disclosing to the Defendant any or all portions of the report which have not been disclosed to the Defendant or for an order under Fed.R.Crim.P. 32(c)(3)(A) that non-disclosure to the Defendant of any or all of such portions of the report be continued.

Except with regard to any objection made under ¶4 that has not been resolved, the pre-sentence report may be accepted by the Court as accurate.  The Court, however, for good cause shown may allow a new objection or new objections to be raised at any time before the imposition of sentence.

10. <u>Recommendatory Letters.</u>  All letters of recommendation on behalf of the Defendant shall be sent at least a week before sentencing to the Probation Officer for submission to the Court.

11. <u>Sentencing.</u>  If there are no disputed issues of fact or law which require a pre-sentence hearing or make one advisable, sentence will be imposed in Williamsport or Harrisburg at a time and date to be set at the pre-sentence conference.  If a pre-sentence hearing is held, the time and date of the sentencing will be announced in open court at the close of the pre-sentence hearing or in a written order filed thereafter.  Government counsel shall present to the Court at the sentencing and immediately after imposition of sentence a written motion and proposed order dismissing counts or an entire indictment which remain outstanding.

12. <u>Advancement of Dates for Pre-Sentence conference and Sentencing.</u>  If no objections are made to the pre-sentence report under ¶4, either counsel or Defendant may promptly move to advance the date for pre-sentence conference and the Court will attempt to hold the same approximately three weeks earlier than the date scheduled above unless to do so would conflict with its other commitments.

13. <u>Deferral of Dates for Pre-Sentence Conference and Sentencing.</u>  If the Government moves for a deferral of the pre-sentence conference or sentencing based upon the Defendant's agreement to cooperate, lack of opportunity of the grand jury to act upon information provided by the Defendant, insufficiency of time to advise the United States attorney of the degree of Defendant's cooperation

to obtain the U.S. Attorney's review of the situation or to submit a written 5K1.1 motion in advance of the conference or sentencing or for a similar reason, the motion to defer shall be accompanied by an ex parte proffer in camera concerning the nature and extent of the Defendant's cooperation so that the court will be in a better position to decide the motion to defer.

14. Modification of Time Periods. The time periods set forth in this order may be modified by the Court *sua sponte* or for good cause shown except that the fifteen (15) day period set forth above for making objection to the pre-sentence report will be diminished only with the consent of the Defendant.

15. Copies for Probation Office. Counsel shall file with the Probation Office copies of all documents filed under ¶ 8 hereof; provided, however, that counsel shall not file with the Probation Office copies of any documents filed with the Clerk under seal.

s/ John E. Jones III
John E. Jones III, Chief Judge
United States District Court
Middle District of Pennsylvania